

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JENNAYDRA D. CLUNIS
Labor and Employment Law Division
Ph: (212) 788-8703
Fax: (212) 788-8877
jclunis@law.nyc.gov

December 10, 2007

Hon. Naomi R. Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl St., Room 2270
New York, NY 10007

Re: Samuel Alexander v. Bellevue Hospital Center (HHC)
Docket No.: 07 Civ. 6321 (NRB) (DCF)

Dear Judge Buchwald:

*Endorsement*

*Defendant's application for leave to move to dismiss is granted without the necessity of a conference. All discovery is stayed during the pendency of the motion. Defendant's motion is due by February 4, 2008. Plaintiff's answering papers are due by March 4, 2008 and any reply by March 20, 2008. So Ordered.*
*Naomi Reice Buchwald, USDJ 1/4/08*

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant Bellevue Hospital Center ("Bellevue") in the above-referenced action. Defendant Bellevue's deadline to respond to the Complaint is December 10, 2007. Upon reviewing the complaint, it has become apparent that a motion to dismiss the Complaint, under Rule 12(b) of the Federal Civil Judicial Procedure and Rules ("Fed. R. Civ. P."), is appropriate at this point in the litigation. Accordingly, pursuant to this Court's individual practices, the defendant requests a pre-motion conference to obtain leave to proceed with defendant's motion to dismiss this action.

A. **Background**

Plaintiff, a Clerical Associate at Bellevue, claims that he was discriminated against in violation of Title VII. Specifically, plaintiff claims that he was discriminated based on his race (Semitic, Caucasian, White, and Aryan), color (White), Religion (Jewish, Protestant, Anglican, Puritan, Evangelical) and national origin (Juttish, Jewish, Anglo-Saxon, Hidage). Plaintiff alleges that the discriminatory acts included termination, failure to promote, unequal terms and conditions of his employment, retaliation and other acts: anti-Semitism, sabotage, subversion, deliberate exposure and creation of hazardous and harmful conditions to his health by employer in the workplace.

**B.   Some Of The Acts Alleged In The Complaint Occurred More Than 300 Days Before Plaintiff Filed His Charge Of Discrimination.**

In New York, a plaintiff alleging discrimination in violation of Title VII must file a charge with the EEOC within 300 days of the accrual of his claims. See Pikulin v. City Univ. of New York, 176 F.3d 598, 599 (2d Cir. 1999) (per curiam) (addressing Title VII claims brought in New York). Upon information and belief, plaintiff filed his EEOC charge on November 21, 2006; thus, any Title VII claims that accrued prior to January 25, 2006 (i.e., more than 300 prior to November 21, 2006), are time-barred and must be dismissed. See Charge of Discrimination, annexed hereto as Exhibit 1.

In his complaint, plaintiff appears to be complaining about a broad range of matters, some related to his employment with HHC, and some not, and some related to alleged discrimination, and some not, spanning the time period September 1997 until May 2007. See May 20, 2007 Letter to Federal Court, annexed to the Complaint. Thus, plaintiff seeks to base a large part of his claim on events which occurred more than 300 days before he filed his charge of discrimination with the EEOC. Accordingly, those claims are time-barred and must be dismissed.

**C.   The Complaint Fails To State A Cause Of Action For Which Relief May Be Granted.**

In order to state a claim of discrimination under Title VII, a plaintiff must allege, inter alia, that the defendant's alleged discriminatory acts were motivated by plaintiff's membership in a protected class. See Brennan v. Metropolitan Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999) (Title VII). In addition, while a pro se plaintiff's pleading must be construed liberally, he cannot defeat a motion for dismissal by relying on mere conclusory allegations unsupported by factual assertions that "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Accord ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). A court should not dismiss a complaint for failure to state a claim unless the complaint fails to include "plausible grounds" for relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1965-66. As interpreted by the Second Circuit, Bell Atlantic Corp. did not announce a "universal standard of heightened fact pleading, but . . . instead requir[es] a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

Here, plaintiff's complaint contains broad, vague, conclusory assertions that he has been the victim of several conspiracies to deny him workers' compensation benefits, to intentionally "expose [him] to hazardous and destructive agents (such as radiation, chemical agents, mind control, subliminal seduction, psychotropic substances, which causes amnesia, brief loss of consciousness and impairment of mind functions, infectious biological specimen, heat poor ventilation, detrimental poisonous gases, air deprivation, loud noise, and subjecting [him] to medical experiments against [his] will and knowledge seriously harming [his] health and mind)." He claims in conclusory fashion that he was suspended from duty without pay from September 19, 2005 until September 30, 2005 and from January 29, 2006 until February 26, 2006 "only because of their criminal conspiracy, discrimination, racism, religious and ethnic intolerance, because of their anti-Semitism, virulent anti – Americanism, and their communist – subversive ideology." However, his attached letter is completely devoid of any assertion that would allow a reasonable fact finder to conclude that the defendant's actions were motivated by a discriminatory animus. See May 20, 2007 Letter to Federal Court at pp. 7. Indeed, plaintiff has alleged that he was suspended without pay because of "criminal conspiracy,

discrimination, racism, religious and ethnic intolerance..." Accordingly, because plaintiff has failed to "to amplify [his] claim[s] with some factual allegations in those contexts where such amplification is needed to render the claim[s] plausible," any claims being asserted under Title VII or otherwise must be dismissed for failing to meet the pleading standard set forth in Bell Atl. Corp. v. Twombly.

D. **The Facts And Allegations In The Complaint Are Frivolous Within The Meaning Of 28 U.S.C. § 1915 And, Therefore, Must Be Dismissed.**

Defendant further notes that this action was commenced in forma pauperis pursuant to 28 U.S.C. § 1915. "A district court must dismiss an in forma pauperis action if the action is 'frivolous or malicious.'" Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting 28 U.S.C. § 1915(e)(2)(B)(i). "The Supreme Court has observed that 'a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'" Vitola v. City of New York, 07-CV-3678 (JG), 2007 U.S. Dist. LEXIS 71067, *4-*5 (E.D.N.Y. September 25, 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). "[Thus, under 28 U.S.C. 1915,] judges not only [have] the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Here, the Complaint contains numerous claims and facts which are baseless and incredible. For example, plaintiff claims that he is in a protected class because he descended from several dynasties. See Letter to Court at p. 7. He also claims that numerous people, including the New York City Police Department Chaplain and a CBS employee, are part of a criminal conspiracy against him. See id. He claims that these conspiracies resulted in "many hardships and harms to his health." See id. at p. 7. Such allegations are implausible and cannot sustain the instant Complaint. Accordingly, the entire Complaint must be dismissed as frivolous under the standards for review of actions brought in forma pauperis pursuant to 28 U.S.C. § 1915.

For the foregoing reasons, defendant respectfully requests that the Court schedule a pre-motion conference to obtain leave to proceed with defendant's proposed motion to dismiss the complaint in this action as discussed above. Additionally, it is respectfully requested that defendant's Answer to the complaint, currently due on December 10, 2007, and any discovery in this action be stayed pending the Court's scheduling of a conference, and any decision on the motion, if this request is granted.

Respectfully submitted,

*J. Clunis*

Jefmaydra D. Clunis (JC 1908)
Assistant Corporation Counsel

cc: Alexander Samuel
Plaintiff *pro se*
1360 Ocean Avenue, Apt. 3D
Brooklyn, New York 11230
(646) 642-9538