UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

SAMUEL ALEXANDER,

                                        Plaintiff,

                    -against-

BELLEVUE HOSPITAL CENTER (HHC), NEW
YORK CITY,

                                        Defendants.

-------------------------------------------------------------------- x

**NOTICE OF MOTION**

07 CV 6321 (NRB)(DCF)

     **PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law in Support of the defendants' Motion to Dismiss the Complaint, dated February 4, 2008, and all the papers and proceedings had herein, defendants Bellevue Hospital Center (HHC) and New York City, (collectively referred to herein as "City defendants") will move this Court, before the Honorable Naomi R. Buchwald, United States District Judge, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York, at a date and time designated by the Court, for an order dismissing the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915, and for such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order dated January

4, 2008, papers in opposition to the instant motion must be served no later than March 20, 2008

and reply papers must be served no later than March 20, 2008.

Dated:      New York, New York
            February 4, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the City of New York
                            Attorney for Defendants
                            100 Church Street, Room 2-317
                            New York, New York 10007
                            (212) 788-0960
                            cheer@law.nyc.gov

                    By:     _____
                            Christopher L. Heer
                            Assistant Corporation Counsel


TO:   ALEXANDER SAMUEL
      Pro Se Plaintiff
      1360 Ocean Avenue, Apt. 3D
      Brooklyn, NY 11230

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT

      POINT I

           CLAIMS WHICH ARE FANTASTIC, DELUSIONAL AND NOT BASED ON REALITY DO NOT COMPORT WITH THE REQUIREMENTS OF FEDERAL CIVIL PROCEDURE RULE 8 AND MAY BE DISMISSED AS A MATTER OF LAW .................................................... 5

           A.  Plaintiff's Fantastic And Delusional Cliams Should Be Dismissed ............................................................ 5

           B.  Plaintiff's Pleadings Fail To Comply With Rule 8 ....................................................................................... 7

      POINT II

           THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED. ........................................................................... 9

      POINT III

           THE FACTS AND ALLEGATIONS IN THE COMPLAINT ARE FRIVOLOUS WITHIN THE MEANING OF 28 U.S.C. § 1915 ............................................ 11

      POINT IV

           A MAJORITY OF THE ALLEGED ACTS IN THE AMENDED COMPLAINT OCCURRED MORE THAN 300 DAYS PRIOR TO PLAINTIFF FILING HIS CHARGE OF DISCRIMINATION. ................................... 12

CONCLUSION.................................................................................................................. 14

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                                    <u>**Page**</u>

<u>Achtman v. Kirby, McInerney & Squire, LLP</u>,
    464 F.3d 328 (2d Cir. 2006) ...................................................................................7

<u>ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.</u>,
    493 F.3d 87 (2d Cir. 2007) ....................................................................................9

<u>Bell Atlantic Corp. v. Twombly</u>,
    127 S. Ct. 1955 (2007)........................................................................................7, 9

<u>Brennan v. City of New York</u>,
    59 N.Y. 2d 791 (1983)..........................................................................................13

<u>Conely v. Gibson</u>,
    355 U.S. 41 (1957)..................................................................................................7

<u>Denton v. Hernandez</u>,
    504 U.S. 25 (1992)................................................................................................11

<u>Feldman v. Nassau Co.</u>,
    349 F.Supp.2d 528 (E.D.N.Y. 2004) .....................................................................8

<u>Giaccio v. City of New York</u>,
    2005 U.S. Dist. LEXIS 642 (S.D.N.Y. 2005)........................................................8

<u>Haynes v. Giuliani</u>,
    238 A.D. 2d 257 (1st Dept. 1972) .......................................................................13

<u>Ifill v. United Parcel Service</u>,
    2005 U.S. Dist. LEXIS 5230 (S.D.N.Y. 2005)......................................................8

<u>Iqbal v. Hasty</u>,
    490 F.3d 143 (2d Cir. 2007) ...............................................................................7, 9

<u>Johnson v. Giuliani</u>,
    1998 U.S. Dist. LEXIS 707 (S.D.N.Y. 1998).........................................................5

<u>Jones v. Capital Cities/ABC Inc.</u>,
    874 F. Supp. 626 (S.D.N.Y. 1995) ........................................................................7

<u>Leibowitz v. Cornell Univ.</u>,
    445 F.3d 586 (2d Cir. 2006) ..................................................................................7

<u>Livingston v. Adirondack Bev. Co.</u>,

**<u>Cases</u>**                                                                                          **<u>Pages</u>**

141 F.3d 434 (2d Cir. 1998) ......................................................................................11

<u>Neitzke v. Williams,</u>
490 U.S. 319 (1989)............................................................................................11

<u>Ostrer v. Aronwald,</u>
567 F. 2d 551 (2d Cir. 1977) .................................................................................6

<u>Phillip v. Depository Trust Co.,</u>
1994 U.S. Dist. LEXIS 13926 (S.D.N.Y. 1994)....................................................5

<u>Pikulin v. City Univ. of New York,</u>
176 F.3d 598 (2d Cir. 1999) ...............................................................................12

<u>Pillay v. Immigration and Naturalization Service,</u>
45 F. 3d 14 (2d Cir. 1995) .....................................................................................5

<u>Prince v. Cablevision Systems Corp.,</u>
2005 U.S. Dist. LEXIS 8147 (S.D.N.Y. 2005)......................................................8

<u>Salahuddin v. Cuomo,</u>
861 F.2d 40 (2d Cir. 1988) .................................................................................6, 9

<u>Shoemaker v. State of California,</u>
1995 U.S. Dist. LEXIS 15614 (S.D.N.Y. 1995)....................................................5

<u>Sommer v. Dixon,</u>
709 F. 2d 173 (2d Cir. 1983), <u>cert. denied</u>, 464 U.S. 857 (1983) ...........................6

<u>Straker v. Metropolitan Transit Auth.,</u>
333 F.Supp.2d 91 (E.D.N.Y. 2004) .......................................................................8

<u>Swierkiewicz v. Sorema,</u>
534 U.S. 506 (2002)................................................................................................8

<u>Tamayo v. City of New York,</u>
2004 U.S. Dist. LEXIS 5656 (S.D.N.Y. 2004)......................................................8

<u>Tyler v. Carter,</u>
151 F.R.D. 537 (S.D.N.Y. 1993)
<u>aff'd without op.</u>, 41 F. 3d 1500 (2d Cir. 1994)...............................................5, 6

<u>Vitola v. City of New York,</u>
2007 U.S. Dist. LEXIS 71067 (E.D.N.Y. 2007) .................................................11

**Cases**                                                                                    **Pages**

Whyte v. Contemporary Guidance Servs., Inc.,
    U.S. Dist. LEXIS 12447) (S.D.N.Y. 2004) ...........................................................8

Williams v. City of New York,
    97 A.D. 2d 372 (1st Dept. 1983) .........................................................................13

**<u>Statutes</u>**                                                                                           **<u>Pages</u>**

28 U.S.C. § 1915...........................................................................................................11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALEXANDER SAMUEL,

                                         Plaintiff,

              -against-                        07 Civ. 6321 (NRB)(DCF)

BELLEVUE HOSPITAL CENTER (HHC), NEW
YORK CITY,

                                         Defendants.
------------------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT.

### PRELIMINARY STATEMENT

Plaintiff *pro se*, a Clerical Associate at Bellevue Hospital Center, brings this action alleging that defendants have discriminated against him, conspired against him, tortured him, subjected him to radiation, chemical agents, mind control, subluminal seduction, psychotropic substances, infectious biological specimens, poisonous gases, air deprivation, loud noise and medical experimentation against his consent on the basis of his race (Aryan, Semitic, Caucasian, and White), color (White), religion (Jewish, Protestant-Anglican, Puritan, and Evangelical), and national origin (Juttish, Jewish Anglo-Saxon, and Hidage).  Plaintiff also contends that defendants have deliberately exposed plaintiff to hazardous and harmful conditions that have affected his health, including drugging him with psychotropic substances.  Finally, plaintiff contends that many individuals, who are not associated or employed by Bellevue Hospital Center or the New York City Health and Hospitals Corporation ("HHC") have conspired against plaintiff because of his race, color, religion, and ethnicity.

Defendants respectfully submit this memorandum of law in support of their motion to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that: (1) because plaintiff's claims are so fantastic and delusional as to be not grounded in fact and do not provide defendants with a short and plain statement of his claims that establish an entitlement to relief as required under Rule 8 of the Federal Rules of Civil Procedure; (2) plaintiff's complaint fails to state a cause of action for which relief may be granted; (3) plaintiff's complaint is frivolous within the meaning of 28 U.S.C. § 1915; (4) a majority of the acts alleged in the complaint occurred more than 300 days before plaintiff filed his charge of discrimination and therefore are time barred; and (5) the City of New York is not plaintiff's employer and therefore all claims against the City of New York should be dismissed.

## STATEMENT OF FACTS[1]

Plaintiff's twelve (12) page complaint offers no facts but merely conclusory allegations about alleged discrimination, conspiracy, torture, and exposure to a myriad of various chemical and biological agents, which allegedly took place in or about March 1999 through May 2007.[2] See Plaintiff's Complaint generally. Plaintiff does not provide dates for most of the alleged adverse employment actions, nor does plaintiff articulate the factual basis for the alleged adverse actions taken against him. Indeed, plaintiff's allegations appear to relate not to his employment with HHC but rather to discriminatory actions allegedly taken by such individuals as former Mayor Rudy Giuliani, former New York City Comptroller Alan Hevesi, former United States President Bill Clinton and employees or individuals allegedly associated with of CBS, Inc., the Long Island University, the Israeli Intelligence Service and the terrorist organization "Kahane," to name just a few. See "Letter to Federal Court" annexed to plaintiff's Complaint at p. 1. Plaintiff simply makes fantastic assertions that are so far removed from fact or reality that they can only be characterized as delusional.

For example, on page 1 of the "Letter to Federal Court" annexed as part of plaintiff's Complaint plaintiff alleges that:

> As I believe this conspiracy are headed by some senior City officials such as Alvin Katz chaplain of New York City Police Department, former Comptroller of New York City Allan Hevessi, former mayor of New York City Rudy Giuliani, Immanuel Shamilov manager Housing Authority NYC, and others – former president Bill Clinton, Maasey Shamilov MD, Don Shamilov (father of Maasey Shamilov), senators from New York State Hillary Clinton and Charles Schumer, congressman Rangel,

---

[1] For the purposes of this motion only, defendants assume that the material facts alleged in the complaint are true.

[2] All references herein to plaintiff's complaint are to plaintiff's Complaint dated May 22, 2007.

- 3 -

David Amiramov employee of CBS (Columbia Broadcasting Company), Sophie and Ann Bentzianovs MD, Illana Daviodova, Arkady Romm, Catholic Church, Robert Blacklock professor of Pharmacology from L.I.U., Alex Gringauz professor of Medicinal Chemistry from L.I.U., Stephan Gross Dean College of Pharmacy L.I.U., Irene Shagabaeva-Amiramova pharmacist, Suzan (Shushana) Romm – Shamilova pharmacist, Nadezda Shamilova-Yevseeva computer analyst NYC employee, Peter Yevseev, Tatyana Yevseeva, Svetlana Shamilova employee of Pace University, Communist Organizations, Russian Intelligence Service, Israeli Intelligence Service and Zionist Organizations, Lubavitch Khasidic Sect, Terrorist Organization Kahane, Shorefront, NYANA, Long Island University College of Pharmacy of Arnold and Marie Schwartz, (Schwartz family) and some other officials of Democratic Party.   All these organizations and individuals involve in conspiracy against me because of my origin and descent, religion and ethnicity.

See "Letter to Federal Court" annexed as part of plaintiff's Complaint at pp. 1-2.

Similarly, on pages 3 and 4 of the "Letter to Federal Court" annexed as part of plaintiff's Complaint plaintiff asserts that:

During my employment with Bellevue Hospital Center representatives of management Bellevue Hospital Center like Orrin White, Janice Charles, Waivne Wints, Juanita Barnes, Aaron Cohen, Brenda Chapman Patricia Esposito, Leslie Davis, and employees Antonie Lyndon, Joys Callendar, Carmen Garcia, Eddy Barnes, Wing Chan, Paul McGinn, Arthur Butts and others created hostile environment and criminal conspiracy against me harassing and torturing me with constant abuse and discrimination, creating hostile environment, subjecting me intentionally to hazardous and destructive environment and agents (such as radiation, chemical agents, mind control, subluminal seduction, psychotropic substances, which cause amnesia, brief loss of consciousness and impairment of mind functions, infectious biological specimen, heat, poor ventilation, detrimental, poisonous gases, air deprivation, loud noise, and subjecting me to medical experiments against my will and knowledge seriously harming my health and mind).

See "Letter to Federal Court" annexed as part of plaintiff's Complaint at pp. 3-4.

With respect to allegations concerning his employment with Bellevue Hospital Center, plaintiff alleges, without providing specific facts, that his performance was "sabotaged

by OPD of Bellevue Hospital, which created hostile environment trying to force me to quite and as I strongly suspect involuntary drugging me with psychotropic substances . . . " and that he was suspended " . . . only because of their criminal conspiracy, discrimination, racism, religious and ethnic intolerance, because of their anti-Semitism, virulent anti-Americanism and their communist – subversive ideology.  See Plaintiff's "Letter to Federal Court" annexed as part of plaintiff's Complaint at pp. 4, 6.

## ARGUMENT

### POINT I

**CLAIMS WHICH ARE FANTASTIC, DELUSIONAL AND NOT BASED ON REALITY DO NOT COMPORT WITH THE REQUIREMENTS OF FEDERAL CIVIL PROCEDURE RULE 8 AND MAY BE DISMISSED AS A MATTER OF LAW.**

**A.    Plaintiff's Fantastic And Delusional Claims Should Be Dismissed.**

Courts have the power to dismiss complaints which assert frivolous and delusional claims.  This is true even when the plaintiff has paid the required filing fee insofar as "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." Tyler v. Carter, 151 F.R.D. 537, 539 (S.D.N.Y. 1993), aff'd without op., 41 F. 3d 1500 (2d Cir. 1994).  See also, Pillay v. Immigration and Naturalization Serv., 45 F. 3d 14, 16-17 (2d Cir. 1995) (dismissing frivolous appeal on court's "inherent authority"); Johnson v. Giuliani, 1998 U.S. Dist. LEXIS 707, *4 (S.D.N.Y. 1998); Shoemaker v. State of California, 1995 U.S. Dist. LEXIS 15614, *6 (S.D.N.Y. 1995); Phillip v. Depository Trust Co., 1994 U.S. Dist. LEXIS 13926, *1-2 (S.D.N.Y. 1994).

In this case, plaintiff's claims are clearly fantastic and delusional. Plaintiff claims that he is in a protected class because he descended from "several dynasties." See Plaintiff's "Letter to Federal Court" annexed as part of plaintiff's Complaint at p. 2. He claims to have been "crowned as a Tsar of All Russian Empire" at the age of three but was excommunicated by decree of the Vatican and Roman Catholic Church. Id. Thereafter, at least fifteen (15) alleged HHC employees allegedly "created hostile environment and criminal conspiracy against me harassing and torturing me with constant abuse and discrimination, creating hostile environment, subjecting me intentionally to hazardous and destructive environment and agents . . . " Id. at 3. Plaintiff also claims that management at HHC "are backed, supported and enticed by Catholic Church, Zionist Organizations, Communists and Lubavitch Khasidim Sect as well as terrorist organization Kahane who are virulently anti-Christian and anti-Semetic". Id. at 7. Apparently, the actions taken by employees of Bellevue Hospital Center are the result of or are somehow connected to his "excommunication. These claims are also "fantastic," "delusional," and without basis in fact and should be dismissed. Tyler v. Carter, 151 F.R.D. at 539.

As described above, plaintiff contends that many individuals from various business and educational organizations, elected officials and "terrorists groups" have conspired to discriminate against because if his origin and descent, religion and ethnicity. However, the Second Circuit "has repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." Ostrer v. Aronwald, 567 F. 2d 551, 553 (2d Cir. 1977), per curiam. See also Sommer v. Dixon, 709 F. 2d 173, 175 (2d Cir. 1983), per curiam, cert. denied, 464 U.S. 857, 104 S. Ct. 177 (1983) (dismissing a pro se complaint that alleged conspiracy because the allegations were vague and conclusory). Here, plaintiff's complaint "is a montage of unsupported, vague

and conclusory allegations that provide defendants with no adequate basis to discern the factual basis of [his] claims." Jones v. Capital Cities/ABC Inc., 874 F. Supp. 626, 628 (S.D.N.Y. 1995). As such, under the law of this Circuit, even if plaintiff's claims could somehow be considered something other than delusional, dismissal of plaintiff's complaint is warranted.

**B.    Plaintiff's Pleadings Fail To Comply With Rule 8.**

Federal Civil Procedure Rule 8 requires, in pertinent part, that:

> A pleading . . . must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

The Rule further requires "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Such a statement must simply give the defendant fair notice of what the claims is and the grounds upon which it rests. See Conely v. Gibson, 355 U.S. 41 (1957). Moreover, while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the complaint must allege enough facts to raise a right to relief above the speculative level. See Bell Atlantic Corp. v. Twombly,    U.S.   , 127 S.Ct. 1955, 1964-65 (2007).

However, while "a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests," Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006), "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). Thus, a court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (construing Bell Atlantic Corp. v. Twombly,    U.S.   , 127 S. Ct. 1955, 1968-69, 167 L. Ed. 2d 929 (2007)).

- 7 -

Additionally, courts in this Circuit have held conclusory allegations in employment discrimination actions, standing alone, are not sufficient to overcome a motion to dismiss. See Prince v. Cablevision Systems Corp., 2005 U.S. Dist. LEXIS 8147 (RWS) (S.D.N.Y. May 6, 2005) (dismissing plaintiff's hostile work environment claims despite the Court's holding in Swierkiewicz because plaintiff's conclusory allegations of a 'sexualized atmosphere' and one incident of sexual harassment are not sufficient to establish a hostile work environment claim); Ifill v. United Parcel Service, 2005 U.S. Dist. LEXIS 5230 (LTS) (S.D.N.Y. 2005) (dismissing plaintiff's § 1981, state and city discrimination claims because plaintiff fails to allege individual actor's involvement in employment actions and fails to allege facts which give rise to an adverse employment action); Giaccio v. City of New York, 2005 U.S. Dist. LEXIS 642 (RWS) (S.D.N.Y. Jan. 19, 2005) (dismissing plaintiff's § 1983 claims because plaintiff's conclusory allegations fails to state a cause of action despite the liberal pleading requirements of Swierkiewicz); Whyte v. Contemporary Guidance Servs., Inc., 2004 U.S. Dist. LEXIS 12447 (GBD) (S.D.N.Y. 2004) (dismissing plaintiff's discrimination claims because the complaint fails to identify which alleged adverse actions were discriminatory in nature and plaintiff's conclusory allegations that defendants discriminate against older employees is contradicted by factual assertions in the complaint); Feldman v. Nassau Co., 349 F.Supp.2d 528 (SJF) (E.D.N.Y. 2004) (dismissing plaintiff's complaint pursuant to Rule 12(b)(1) and (6) because plaintiff cannot establish that age limitations for applications as a police officer were retaliatory in nature); Straker, 333 F.Supp.2d 91 (E.D.N.Y. 2004) (dismissing plaintiff's claims of race discrimination and granting him leave to amend his conspiracy claim because plaintiff's conclusory allegations fails to state a cause of action); Tamayo v. City of New York, 2004 U.S. Dist. LEXIS 5656 (HB)

(S.D.N.Y. 2004) (dismissing plaintiffs' disparate impact claims because plaintiff failed to identify or specify policy and way in which it gave rise to disparate impact).

Here, plaintiff's complaint does not comport with the requirements of Fed. R. Civ. P. 8. In fact, plaintiff's complaint is a lengthy document generally devoid of specifics that fails to provide defendants with a plain statement of the claim showing that he is entitled to relief that he seeks. Rather, the instant complaint is merely a compilation of vague, fantastical and conclusory allegations, which have no merit and should be dismissed as a matter of law See Salahuddin v. Cuomo, supra 861 F.2d at 42.

## POINT II

### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED.

While a pro se plaintiff's pleading must be construed liberally, he cannot defeat a motion for dismissal by relying on mere conclusory allegations unsupported by factual assertions that "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, _ U.S. _, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Accord ATSI Comm'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). A court should not dismiss a complaint for failure to state a claim unless the complaint fails to include "plausible grounds" for relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1965-66. As interpreted by the Second Circuit, Bell Atlantic Corp. did not announce a "universal standard of heightened fact pleading, but . . . instead requir[es] a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

Here, plaintiff's complaint contains broad, vague, conclusory assertions that he has been the victim of several conspiracies to deny him workers' compensation benefits, to

intentionally "expose [him] to hazardous and destructive agents (such as radiation, chemical agents, mind control, subliminal seduction, psychotropic substances, which causes amnesia, brief loss of consciousness and impairment of mind functions, infectious biological specimen, heat poor ventilation, detrimental poisonous gases, air deprivation, loud noise, and subjecting [him] to medical experiments against [his] will and knowledge seriously harming [his] health and mind)." He claims in conclusory fashion that he was suspended from duty without pay from September 19, 2005 until September 30, 2005 and from January 29, 2006 until February 26, 2006 "only because of their criminal conspiracy, discrimination, racism, religious and ethnic intolerance, because of their anti-Semitism, virulent anti -- Americanism, and their communist -- subversive ideology." He also claims that he was somehow discriminated against by Bellevue employees because his union attorney, who was a friend of President Bill Clinton, allegedly took his notification of passing a promotional supervisory title test. See Plaintiff's "Letter to Federal Court" annexed as part of plaintiff's Complaint at p. 5. Plaintiff further alleges that his work performance was sabotaged by his supervisors who apparently were drugging him with psychotropic substances. See Plaintiff's "Letter to Federal Court" annexed as part of plaintiff's Complaint at p. 6.

Plaintiff's complaint and attached letter are completely devoid of any devoid of any factual allegations that would allow a reasonable fact finder to conclude that the defendant's actions were motivated by a discriminatory animus. See Plaintiff's "Letter to Federal Court" annexed as part of plaintiff's Complaint at p. 4. Indeed, plaintiff has alleged that he was suspended without pay because of "criminal conspiracy, discrimination, racism, religious and ethnic intolerance . . . ." Id. Accordingly, because plaintiff has failed to "to amplify [his] claim[s] with some factual allegations in those contexts where such amplification is needed to

render the claim[s] plausible," any claims being asserted under Title VII or otherwise must be dismissed for failing to state a claim for which relief can be granted.

### POINT III

### THE FACTS AND ALLEGATIONS IN THE COMPLAINT ARE FRIVOLOUS WITHIN THE MEANING OF 28 U.S.C. § 1915.

Defendants further notes that this action was commenced in forma pauperis pursuant to 28 U.S.C. § 1915. "A district court must dismiss an in forma pauperis action if the action is 'frivolous or malicious.'" Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting 28 U.S.C. § 1915 (e)(2)(B)(i)). "The Supreme Court has observed that 'a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'" Vitola v. City of New York, 07-CV-3678 (JG), 2007 U.S. Dist. LEXIS 71067, *4-*5 (E.D.N.Y. September 25, 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). "[Thus, under 28 U.S.C. § 1915,] judges not only [have] the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Here, the complaint contains numerous claims and facts which are baseless and are indeed incredible. For example, plaintiff claims that he is in a protected class because he descended from several dynasties. See Plaintiff's "Letter to Federal Court" annexed as part of plaintiff's Complaint at p. 2. Plaintiff also claims that numerous people, including the New York City Police Department Chaplain, former New York City Mayor Rudy Giuliani, former United States President Bill Clinton, employees of Long Island University a CBS employee, members of the Israeli Intelligence Service and many others, are part of a criminal conspiracy against him.

- 11 -

Id. at 1.  He claims that these conspiracies resulted in "many hardships and harms to his health."
See id. at p. 7.  Such allegations are implausible and wholly incredible.  Accordingly, the entire
complaint must be dismissed as frivolous under the standards for review of actions brought in
forma pauperis pursuant to 28 U.S.C. § 1915.

**POINT IV**

**A MAJORITY OF THE ALLEGED ACTS IN THE AMENDED COMPLAINT OCCURRED MORE THAN 300 DAYS PRIOR TO PLAINTIFF FILING HIS CHARGE OF DISCRIMINATION.**

In New York, a plaintiff alleging discrimination in violation of Title VII must file
a charge with the EEOC within 300 days of the accrual of his claims.  See Pikulin v. City Univ.
of New York, 176 F.3d 598, 599 (2d Cir. 1999) (per curiam) (addressing Title VII claims
brought in New York).   Upon information and belief, plaintiff filed his EEOC charge on
November 21, 2006; thus, any Title VII claims that accrued prior to January 25, 2006 (i.e., more
than 300 prior to November 21, 2006), are time-barred and must be dismissed.  See generally
Charge of Discrimination and "Letter to Federal Court" annexed as part of plaintiff's Complaint.

In his complaint, plaintiff appears to be complaining about a broad range of
matters, some related to his employment with HHC, and some not, and some related to alleged
discrimination, and some not, spanning the time period September 1997 until May 2007.  See
"Letter to Federal Court" annexed as part of plaintiff's Complaint at pp. 1, 6.  Thus, plaintiff
seeks to base a large part of his claim on events which occurred more than 300 days before he

- 12 -

filed his charge of discrimination with the EEOC.  Accordingly, those claims are time-barred and must be dismissed. [3]

---

[3] To the extent that plaintiff names the City of New York as a defendant, the City of New York is not a proper party to this proceeding because the New York City Health and Hospitals Corporation ("HHC") is an entity separate and distinct from the City.  Brennan v. City of New York, 59 N.Y. 2d 791 (1983); Haynes v. Giuliani, 238 A.D. 2d 257 (1st Dept. 1972); Williams v. City of New York, 97 A.D. 2d 372 (1st dept. 1983).  Thus, to the extent that plaintiff seeks to assert a Title VII claim against the City of New York, the Court should dismiss the City of New York because it is not plaintiff's employer.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully request that the Court issue an order granting their motion to dismiss the complaint and dismiss plaintiff's complaint in its entirety, with prejudice, and awarding defendants such other and further relief as this Court may deem just and proper.

Dated:     New York, New York
           February 4, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendant
                          100 Church Street, Room 2-317
                          New York, New York 10007
                          (212) 788-0960
                          cheer@law.nyc.gov

                          By: _____
                            Christopher L. Heer (CH1086)
                            Assistant Corporation Counsel

TO:    ALEXANDER SAMUEL
       Pro Se Plaintiff
       1360 Ocean Avenue, Apt. 3D
       Brooklyn, NY 11230

Index No.  07 Civ. 6321 (NRB)(DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER SAMUEL,

Plaintiff,

-against-

BELLEVUE HOSPITAL CENTER (HHC), NEW
YORK CITY,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
THE DEFENDANTS' MOTION TO DISMISS
THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for the City Defendants
100 Church Street, Room 2-317
New York, New York  10007

*Of Counsel:  Christopher L. Heer*
*Tel:  (212) 788-0960*
*NYCLIS No. 2007-033491*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ................................. , 2008 . . .*

*................................................................. Esq.*

*Attorney for.........................................................*