UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ALEXANDER SAMUEL,

                                        Plaintiff,          **NOTICE OF MOTION FOR DISMISSAL OF THE COMPLAINT**

     -against-

BELLVUE HOSPITAL CENTER (HHC), NEW YORK CITY,                        Civil Action Number:
                                                      07 Civ. 6321 (NRB)(DCF)

                                        Defendants.
-------------------------------------------------------------------- x

      **PLEASE TAKE NOTICE** that upon the accompanying memorandum of law, all pleadings and proceedings previously had herein, concerning matters of which judicial notice may be taken under Rule 201 of the Federal Rules of Evidence, defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby notify the plaintiff that:

      1.     Defendants have moved for a dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and have submitted additional written materials. This means that the defendants have asked the Court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil procedure is attached.

2. In short, Rule 56 provides that you may NOT oppose the defendants' motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendants' motion.

3. If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the Court may accept defendants' factual assertions as true. Judgment may then be entered in defendants' favor without a trial.

4. Pursuant to the order of the Honorable Naomi R. Buchwald, United States District Judge for the Southern District of New York, you have until March 4, 2008, to respond to the defendants' motion. By March 4, 2008 you must send copies of any papers opposing this motion to the undersigned attorney at the below address and you must file the originals of those papers opposing this motion with the clerk of the Court for United States District Court for the Southern District of New York, located at 500 Pearl Street New York, New York, 10038.

5.  If you have any questions regarding these matters, you may direct them to the Pro Se Office.

Dated:   New York, New York
         February 4, 2008

          MICHAEL A. CARDOZO
          Corporation Counsel of the City of New York
          Attorney for Defendants
          100 Church Street, Room 2-317
          New York, New York 10007
          (212) 788-0960
          cheer@law.nyc.gov

By: _____
      CHRISTOPHER L. HEER (CH1086)
      Assistant Corporation Counsel

3

USCS Fed Rules Civ Proc R 56

**Rule 56.** Summary Judgment

(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:
   (1) 20 days have passed from commencement of the action; or
   (2) the opposing party serves a motion for summary judgment.

(b) By a Defending Party. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) Serving the Motion; Proceedings. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d) Case Not Fully Adjudicated on the Motion.
   (1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.
   (2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

(e) Affidavits; Further Testimony.
   (1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
   (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

(f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
   (1) deny the motion;
   (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
   (3) issue any other just order.

(g) Affidavit Submitted in Bad Faith. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other

- 2 -

party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

**History:**

(Amended March 19, 1948; July 1, 1963; Aug. 1, 1987.)
(As amended Dec. 1, 2007.)